UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STERLING L. JOHNSON, ET AL.,<br><br>                    Plaintiffs,<br><br>          -against-<br><br>ELON MUSK, ET AL.,<br><br>                    Defendants. | |

25-CV-5881 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, a resident of Peoria, Illinois, filed this 213-page *pro se* complaint on his own behalf and purportedly on behalf of Sean Combs. He names more than 40 defendants, including the Illinois Department of Correction, correctional facilities in Illinois, the State Attorney's Office in Peoria, and the Mayor of Chicago. For the following reasons, this action is transferred to the United States District Court for the Central District of Illinois.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

The events giving rise to this complaint are not entirely clear, but Plaintiff alleges that: (1) at least some of those events occurred during his incarceration in the Jacksonville

Correctional Center, in Morgan County, Illinois, and in other Illinois correctional facilities (ECF 1 at 5); (2) he references a "rape kit" and evidence tampering at "OSF" Hospital in Illinois (*Id.* at 6); (3) among the myriad Defendants are the Illinois Department of Correction, correctional facilities in Illinois, the State Attorney's Office in Peoria, and the mayor of Chicago; and (4) attachments to the complaint include documents pertaining to Plaintiff's incarceration in Illinois. (ECF 1-1 through 1-3.)

Because Plaintiff does not allege that any Defendant resides in this district, or that the alleged events occurred in this district, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). It appears that at least some of the events giving rise to Plaintiff's claims occurred in the Jacksonville Correctional Center, in Morgan County, Illinois, which falls within the Central District of Illinois. *See* 28 U.S.C. § 93(b). Accordingly, venue lies in the Central District of Illinois, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Central District of Illinois, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Central District of Illinois. The Court waives the provision of Local Civil Rule 83.1 that requires a seven-day delay before the Clerk of Court may effectuate the transfer of these cases to the transferee court. A summons shall not issue from this Court.

Any pending motions are to be adjudicated by the transferee court.

This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    May 22, 2206
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3